**JOINT APPRENTICESHIP AND TRAINING COUNCIL OF LOCAL 363, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL–CIO, Plaintiff–Appellant,**

v.

**NEW YORK STATE DEPARTMENT OF LABOR, John Hudacs, Industrial Commissioner of the State of New York and Robert Abrams, Attorney General of the State of New York, Defendants–Appellees,**

**The Joint Industry Board of the Electrical Industry, Intervenor.**

**No. 371, Docket 92–7600.**

United States Court of Appeals, Second Circuit.

Argued Oct. 19, 1992.

Decided Jan. 27, 1993.

Stuart Bochner, Baldwin, NY (Gary C. Cooke, Horowitz & Pollack, P.C., Baldwin, NY, of counsel), for plaintiff-appellant.

M. Patricia Smith, New York City (Robert Abrams, Atty. Gen. of the State of N.Y., Jane Lauer Barker, Asst. Atty. Gen. in Charge of Labor Bureau, of counsel), for defendants-appellees.

Steven I. Levin, New York City (K. Richard Marcus, Mary Libassi, McDonough Marcus Cohen & Tretter, P.C., of counsel), for intervenor.

Before KEARSE and MINER, Circuit Judges, and POLLAK *, District Judge.

MINER, Circuit Judge:

Plaintiff-appellant Joint Apprenticeship and Training Council of Local 363, International Brotherhood of Teamsters, AFL–CIO ("JATC") brought the action giving rise to this appeal in the United States District Court for the Southern District of New York (Freeh, J.), to enjoin defendants-appellees New York State Department of Labor ("NYSDOL"); John Hudacs, in his capacity as Industrial Commissioner of the State of New York; and Robert Abrams, in his capacity as Attorney General of the State of New York, from deregistering its apprenticeship training program ("ATP"). The district court granted summary judgment for defendants, rejecting plaintiff's argument that the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (1988), preempted NYSDOL's authority. The district court

---

* Hon. Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

found that NYSDOL's authority to deregister ATPs is derived from federal regulations promulgated to enforce the National Apprenticeship Act of 1937 ("the Fitzgerald Act"), 29 U.S.C. § 50 (1988). For the reasons set forth below, we affirm the judgment of the district court.

## BACKGROUND

ERISA is a comprehensive statute enacted to protect the interests of participants in employee benefit plans and their beneficiaries. *See* 29 U.S.C. § 1001(b). JATC is an ERISA–covered employee benefit plan, *see* 29 U.S.C. § 1002(3), which administers an ATP designed to train unskilled workers to become skilled journeymen electricians.

Congress enacted the Fitzgerald Act in 1937 for the purposes of protecting apprentices through the establishment of minimum labor standards, promoting apprenticeship as a system of training skilled workers and encouraging the federal government to cooperate with state agencies in formulating apprentice standards. *See* 29 U.S.C. § 50; 81 Cong.Rec. 6632 (1937) (statement of Representative William J. Fitzgerald); *see also* 81 Cong.Rec.App. 1675 (1937) (statement of Representative William J. Fitzgerald); 81 Cong.Rec. 2600 (1937) (same). The Fitzgerald Act authorizes and directs the Secretary of Labor to promote and formulate labor standards to safeguard the welfare of apprentices and to cooperate with state agencies. *See* 29 U.S.C. § 50. The Fitzgerald Act provides:

> The Secretary of Labor is authorized and directed to formulate and promote the furtherance of labor standards necessary to safeguard the welfare of apprentices, to extend the application of such standards by encouraging the inclusion thereof in contracts of apprenticeship, to bring together employers and labor for the formulation of programs of apprenticeship, [and] to cooperate with State agencies engaged in the formulation and promotion of standards of apprenticeship....

*Id.*

In 1977, the Department of Labor issued extensive regulations to implement the Fitzgerald Act. *See* 29 C.F.R. §§ 29.1 *et seq.* (1992). These regulations provide for a dual federal and state system of apprenticeship approval and recognition. They define the requirements of apprenticeship programs and establish processes for review, registration and deregistration of ATPs administered by federally recognized State Apprenticeship Agencies or Councils ("SACs"). *Id.*

Under these federal regulations, a state agency may apply to the Secretary of Labor for recognition. *Id.* § 29.12. If the state agency's standards and procedures are in conformity with the federal standards, the state agency is recognized as a federally approved SAC and thereby is authorized to determine whether an apprenticeship program conforms with federal standards. *Id.* To be eligible for various federal grants, financial assistance, privileges, rights or other benefits, an ATP must conform with the federal standards and either (1) be registered with the federal Bureau of Apprenticeship and Training of the Employment and Training Administration or (2) be registered with, or approved by, a recognized SAC. *Id.* § 29.3. An ATP submitted for registration with a recognized SAC also must comply with the state apprenticeship laws and regulations to receive the federal benefits. *Id.* § 29.-12(e)(1).

In New York State, apprenticeship programs also are regulated by a series of state statutes and regulations. *See* N.Y.Lab.Law §§ 810 *et seq.* (McKinney 1988 & Supp.1993), N.Y.Comp.Codes R. & Regs. tit. 12, §§ 601.1 *et seq.* (1992). These statutes and regulations provide standards for apprenticeship programs and individual apprenticeship agreements, *see* N.Y.Lab. Law § 815, N.Y.Comp.Codes R. & Regs. tit. 12, §§ 601.5, 601.6, and establish eligibility requirements and procedures for program registration and the grounds and procedures for deregistration, *see* N.Y.Comp. Codes R. & Regs. tit. 12, §§ 601.4, 601.7, 601.9. New York does not require that ATPs be registered in order to operate. However, the state offers certain privileges

to registered programs, including financial assistance. *See* N.Y.Lab.Law § 816–a.

NYSDOL's Bureau of Apprenticeship Training has been recognized as a federally approved SAC since 1978. It is the single administrative agency responsible for the approval and registration of ATPs in New York. New York rules and regulations authorize NYSDOL to deregister an ATP if the apprenticeship program or program sponsor has: (1) violated a federal or state law; (2) subverted the program's intent by hiring nonapprentices and assigning them to apprentice work; (3) failed to conduct the program in accordance with the prescribed state and federal standards; or (4) made a false or misleading statement in connection with the registration of the program. N.Y.Comp.Codes R. & Regs. tit. 12, § 601.7(b).

In the early 1960s, JATC registered its ATP with NYSDOL. In May 1975, after notice and a hearing, NYSDOL ordered the program deregistered for failure to conform to apprenticeship standards, including failure to graduate a single apprentice in twelve years. In 1981, JATC applied to NYSDOL for approval and reregistration of its ATP. With its application, JATC submitted proposed standards for the training of apprentices that provided for on-the-job training and classroom education.

In September 1981, JATC's standards were approved, and the program was reregistered by NYSDOL. JATC's reregistration was conditioned upon its compliance with all applicable state and federal regulations. In 1982 and 1986, NYSDOL received complaints regarding JATC's operation of its ATP. After investigating these complaints, NYSDOL concluded that there was insufficient evidence to initiate deregistration proceedings.

Intervenor Joint Industry Board of the Electrical Industry ("JIB") is an organization formed for the purpose of assuring the integrity of the electrical industry and is comprised of representatives of labor, management and the public. Through trustees, JIB also administers an employee benefit plan that provides for the training of apprentices to become skilled journeymen electricians. On April 25, 1990, JIB filed a complaint with NYSDOL regarding the operation of JATC's ATP, alleging failure to maintain prescribed standards, premature graduation of apprentices and violations of federal and state laws by employer members of JATC. After investigating these charges, NYSDOL issued a Notice of Proposed Deregistration of Apprenticeship Program and informed JATC of its rights to a hearing. On January 31, 1992, JATC requested a hearing.

On February 20, 1992, JATC filed an action in the district court, seeking to enjoin NYSDOL from conducting a hearing to determine whether JATC's apprenticeship program should be deregistered. On May 6, 1992, the district court granted summary judgment in favor of defendants, holding that ERISA did not preempt NYSDOL's authority to deregister an ATP. The district court found that the Fitzgerald Act and the federal regulations promulgated thereunder authorized NYSDOL to deregister ATPs and that ERISA's savings clause, 29 U.S.C. § 1144(d), therefore precluded preemption. JATC contends that the district court erred in failing to find ERISA preemption.

## DISCUSSION

ERISA is a comprehensive statute designed to protect the interests of employees' pension and welfare plans and to protect employers from inconsistent federal and state regulation of such plans. *See Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 136–37, 111 S.Ct. 478, 481–82, 112 L.Ed.2d 474 (1990). ERISA contains a broad preemption clause, which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). The ERISA statute also contains a savings clause to preserve federal statutes that may affect ERISA covered plans but are not intended to be preempted by ERISA. The clause provides:

Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the

United States ... or any rule or regulation issued under any such law.

*Id.* § 1144(d). *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 101–03, 103 S.Ct. 2890, 2902–03, 77 L.Ed.2d 490 (1983) (ERISA does not preempt a federal law or the laws and regulations promulgated thereunder as part of the enforcement scheme of that federal law). Thus, NYSDOL's authority to deregister ATPs would be preempted by ERISA unless NYSDOL's authority was derived from federal law.

The Fitzgerald Act, a federal law, authorizes and directs the Secretary of Labor to formulate and promote the furtherance of labor standards necessary to safeguard the welfare of the apprentice and to cooperate with state agencies. *See* 29 U.S.C. § 50. As discussed above, the Secretary of Labor promulgated detailed regulations governing apprenticeship programs to implement the Fitzgerald Act. *See* 29 C.F.R. §§ 29.1 *et seq.* These regulations provide, *inter alia,* that federally approved SACs have the authority to register, oversee and deregister apprenticeship programs. *Id.* § 29.-12. It is undisputed that NYSDOL is a federally recognized SAC and that New York State has enacted federally approved laws and regulations to register and deregister ATPs pursuant to the Fitzgerald Act. *See* N.Y.Lab.Law §§ 810 *et seq.*; N.Y.Comp.Codes R. & Regs. tit. 12, § 601.-7(b).

The district court did not err in finding that NYSDOL acted within the regulatory authority granted by the Fitzgerald Act when it sought to deregister an ATP for its failure to meet federally approved standards. Since NYSDOL is the only agency authorized in New York State to register and deregister apprenticeship programs, an ERISA preemption in this case would frustrate the enforcement of the Fitzgerald Act. *See Shaw,* 463 U.S. at 101–02, 103 S.Ct. at 2902–03 (state laws enacted as part of the enforcement scheme of a federal law were not preempted by ERISA because such preemption would " 'modify' and 'impair' federal law"); *see also Electrical Joint Apprenticeship Comm. v. Mac-Donald,* 949 F.2d 270, 273 (9th Cir.1991) (ERISA does not preempt the Fitzgerald

Act or the state regulations issued thereunder), *cert. denied,* —— U.S. ——, 112 S.Ct. 2991, 120 L.Ed.2d 869 (1992). Thus, the district court properly concluded that the ERISA savings clause applied because NYSDOL's authority was derived from the Fitzgerald Act.

■ Relying on cases holding that various state prevailing wage rate laws are preempted by ERISA, JATC asserts that NYSDOL's proposed deregistration of its ATP is an attempt to enforce the New York State prevailing wage rate laws and therefore is preempted by ERISA. *See General Elec. Co. v. New York State Dep't of Labor,* 891 F.2d 25, 29–30 (2d Cir.1989) (portions of the New York prevailing wage statute dealing with "supplements," *see* N.Y.Lab.Law § 220, are preempted by ERISA), *cert. denied,* 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990). JATC argues that the New York statutory scheme of apprenticeship regulation goes beyond the regulatory provisions authorized by the Fitzgerald Act and is an adjunct to, and an essential component of, the New York prevailing wage rate scheme.

The New York prevailing wage law, N.Y.Lab.Law § 220, requires, *inter alia,* that laborers, workers, or mechanics employed by a contractor, subcontractor or person doing work in connection with any state public work contract shall be paid at least the prevailing wage and wage supplements in accordance with the prevailing practices in the locality. Section 220(3) requires: that contractors pay all workers on public work projects journey-level wages, except for those in registered apprenticeship programs; and that no employee can be considered to be an apprentice unless he is registered with an apprenticeship program duly registered in conformity with Labor Law sections 810 *et seq.* N.Y.Lab.Law § 220(3). Labor Law section 220 does not provide for the registering, deregistering or administering of apprenticeship programs.

NYSDOL's proposed deregistration of JATC's ATP was based on numerous violations, including violations of section 220.

The alleged prevailing wage violations were just part of an array of federal and state violations listed as appropriate grounds for deregistration. *See* N.Y.Comp.Codes R. & Regs. tit. 12, § 601.-7(b). NYSDOL's proposed deregistration of JATC's ATP was not a means of enforcing section 220 of the New York Labor Law; rather, it was a means of carrying out its duties and functions as a federally approved SAC with the authority granted to it by the Fitzgerald Act and the federal regulations issued thereunder to deregister ATPs not conforming with state and federal standards.

## CONCLUSION

Because the Fitzgerald Act, a federal statute, is the ultimate source of the authority of NYSDOL to deregister apprenticeship training programs, JATC's reliance on ERISA preemption of state law is unwarranted. The judgment of the district court is affirmed in all respects.